UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SANTOSH BHARDWAJ,                                :

                             Plaintiff,        :     Index No. 11 Civ. 4170 (AKH)

                 -against-                   :

PRABHU DAYAL, CHANDINI DAYAL and     :
AKANSHA DAYAL,

                                  :

                     Defendants.
-------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS THIS ACTION

### PRELIMINARY STATEMENT

Defendants Prabhu Dayal, Chandini Dayal and Akansha Dayal submit this memorandum

of law in support of their motion to dismiss the complaint on the ground that Prabhu Dayal is a

diplomatic envoy of the Republic of India to the United States, and therefore he and his wife,

defendant Chandini Dayal, and his daughter, defendant Akansha Dayal, are entitled to absolute

immunity from civil process under the provisions of the Vienna Convention on Diplomatic

Relations and the Vienna Convention on Consular Relations and Optional Protocols, 8 U.S.C.

§1101(a)(15) & 1102(1) and 22 U.S.C. 254d.

**ARGUMENT**

**AN AFFIDAVIT ON BEHALF OF THE
GOVERNMENT OF INDIA AND
PROVISIONS OF THE U.S. CODE AND THE
VIENNA CONVENTIONS ON DIPLOMATIC RELATIONS
AND CONSULAR RELATIONS REQUIRE DISMISSAL OF THIS ACTION**

This action should be dismissed in accordance with the request made on behalf of the Government of India, in accordance with provisions of the United States Code and in accordance with the terms of two international conventions.

**A.**   **An Affidavit On Behalf Of The Government Of India**

Submitted herewith is the affidavit of Ashok Tomar, Addl. Secretary (AD), Ministry of External Affairs, New Delhi for the Government of India, dated September 2, 2011 ("Indian Government Affidavit"), attached as Exhibit A to the accompanying affidavit of David C. Burger, sworn to on September 8, 2011. The Indian Government Affidavit notes that defendant Prabhu Dayal is one of the senior-most diplomats of the Indian Foreign Service, and has served as Ambassador to Kuwait and Morocco prior to his current service in New York. Indian Government Affidavit, at p.1. Due to the high importance accorded to relations between India and the United States, senior Ambassador level officers have been posted to New York, irrespective of the title given to them. For several years, Indian Consul Generals in New York have been diplomats who have served as Ambassadors in other countries before serving in New York. Prabhu Dayal bears the rank of Secretary to the Government of India, which is the highest position in the Indian bureauracy. Id. at p.2.

Prabhu Dayal and his wife, Chandini Dayal, both hold diplomatic passports and were issued A1 diplomatic visas by the U.S. Embassy. Holders of diplomatic passports and A1

2

U.S. visas enjoy diplomatic immunity.  The Indian Ministry of External Affairs categorically asserts such immunity in this case.  Id.

The Indian Government Affidavit also notes that: (1) Plaintiff Santosh Bhardwaj was sent to New York on an official assignment as a service staff member, with the Indian Government directly involved in determining her salary and living conditions; (2) she was provided with an official Indian passport; (3) her U.S. visa application was pursuant to provisions which designated her as a service staff member; (4) she traveled from Delhi to New York on an air ticket purchased by the Government of India; (5) she had a one room apartment with attached bathroom on the fifth floor of the New York Consulate building which is a Government of India-owned building; (6) her medical treatment was paid for by the Government of India and she was treated by the same doctors who treated other officials of the Consulate; (7) upon completing one year of service in New York, she would have been given home leave passage to India, paid for by the Government of India, and at the end of her service would have returned to India at Government cost; and (8) she was issued an official passport by the Government of India to serve exclusively on official assignment in the Indian Consulate in New York.  Id., at pp. 3-4.

The Indian Government Affidavit further notes that Plaintiff Santosh Bhardwaj had previously worked with Prabhu Dayal in New Delhi from March 2003 until July 2004, and on official assignment to Ambassador Prabhu Dayal in Morocco from July 2004 until July 2008. When Prabhu Dayal was transferred to New York, Plaintiff indicated her keenness to serve in America.  The Indian Government asssigned Santosh Bhardwaj to serve in New York, and that service began on February 23, 2009.  Id., at p.4.

For all of those reasons, the Ministry of External Affairs of the Government of India requests that this action be dismissed and that Plaintiff register any complaint relating to her official assignment on behalf of the Indian Government, with the Government of India.

Accordingly, this action should be dismissed.

**B.      The United States Code**

Title 22 of the U.S. Code, the Foreign Relations and Intercourse Law, governs Foreign Diplomatic and Consular Officers. Section 254d is titled "Dismissal on motion of action against individual entitled to immunity" and provides that:

> "Any action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations, under section 254b or 254c of this title, or under any other laws extending diplomatic privileges and immunities shall be dismissed. Such immunity may be established upon motion or suggestion by or on behalf of the individual, or as otherwise permitted by law or applicable rules of procedure."

22 U.S.C. § 254d. Quoting § 254d, the Second Circuit has held that "a district court must dismiss '[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the [Vienna Convention].'" Swarna v. Al-Awadi, 622 F.3d 123, 133 (2nd Cir. 2010).

As discussed below, both the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations require dismissal of this action.

**C.      The Vienna Convention on Diplomatic Relations**

The Vienna Convention on Diplomatic Relations ("Vienna Diplomatic Convention"), dated April 18, 1961, was ratified by the President of the United States on November 8, 1972, and entered into force with respect to the United States on December 13, 1972. The Vienna Diplomatic Convention remains in full force and effect, and has formed the

4

basis for the dismissal of numerous cases similar to this one, as discussed below.  Article 31 of

the Vienna Diplomatic Convention provides that diplomatic agents enjoy immunity from

criminal, civil and administrative jurisdiction in the States in which they serve, as follows:

> "A diplomatic agent shall enjoy immunity from the criminal
> jurisdiction of the receiving States.  He shall also enjoy immunity
> from its civil and administrative jurisdiction except in the case of:
>
> (a) A real action relating to private immovable property situated in
>     the territory of the receiving State, unless he holds it on behalf
>     of the sending State for the purposes of the mission;
>
> (b) An action relating to succession in which the diplomatic agent
>     is involved as executor, administrator, heir or legatee as a
>     private person and not on behalf of the sending State;
>
> (c) An action relating to any professional or commercial activity
>     exercised by the diplomatic agent in the receiving State outside
>     his official functions."

Article 37 of the Vienna Diplomatic Convention provides that the immunity

granted in Article 31 extends to the household family members of the diplomatic agent, as

follows:

> "The members of the family of a diplomatic agent forming part of
> his household shall, if they are not nationals of the receiving State,
> enjoy the privileges and immunities specified in Articles 29 to 36."

Article I of the Vienna Diplomatic Convention defines the phrase "diplomatic

agent" as "the head of the mission or a member of the diplomatic staff of the mission."

The accompanying Indian Government Affidavit states that Prabhu Dayal is of

the rank of Secretary to the Government of India, the highest position in the Indian bureaucracy.

Indian Government Affidavit, at p. 2.  He has served as the Indian Ambassador to Kuwait and

Morocco.  Id., at p.1.  The Indian Government Affidavit also notes that the Government of India

has customarily posted a senior Ambassador level officer, such as Prabhu Dayal, to serve as

Consul General of the New York Consulate of the Indian Embassy due to the high importance accorded to relations between India and the United States. Id., at p. 2. Accordingly, Prabhu Dayal and the other two defendants, his wife and daughter, are subject to the immunity from civil litigation provided by Article 31.

As noted above, the Plaintiff was issued an official passport by the Government of India to serve exclusively on official assignment in the Indian Consulate in New York. Indian Government Affidavit, at p. 3.

The Second Circuit has held that:

> "[C]urrent diplomatic envoys enjoy absolute immunity from civil and criminal process… The Diplomatic Relations Act of 1978, 22 U.S.C. § 254d, makes pellucid that American courts must dismiss a suit against anyone who is entitled to immunity under either the VCDR [ie. the Vienna Convention on Diplomatic Relations] or other laws 'extending diplomatic privileges and immunities.'"

Brzak v. United Nations, 597 F.3d 107, 113 (2nd Cir. 2010). The Second Circuit also noted that: "if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." Id. at 113-14. The plaintiff had sued former and present UN officials claiming sex discrimination, retaliation in violation of Title VII and various common law torts. The Second Circuit affirmed the dismissal of the action based on the immunity.

Similarly, the Second Circuit in Swarna v. Al-Awadi, 622 F.3d 123 (2nd Cir. 2010), held that:

> "Under 22 U.S.C. § 254d, a district court must dismiss '[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the [Vienna Convention]…. To be sure, 'members of the family of a diplomatic agent forming part of his household shall, if they are not nationals of the receiving state, enjoy the privileges and immunities [of the diplomatic agent] specified in articles 29 to 36.' Vienna Convention, art. 37(1)."

Id. at 133, 134.  Swarna involved a former diplomat defendant who did not continue to enjoy the full immunities accorded to a current diplomat.  In addition, the plaintiff in Swarna had a G-5 visa to enter the United States.  Id. at pp. 128.  A G-5 visa is granted to a representative of an international organization.  In contrast, Plaintiff Santosh Bhardwaj's U.S. visa was applied for through the Ministry of External Affairs' Note Verbale 403/01/09 dated 6th February, 2009, which designated her as a service staff member.  See Indian Government Affidavit, at p. 3.  The Swarna court specifically noted the fact that the plaintiff "received a G-5 visa further indicate[s] that she was employed by Al-Awadi and not by the Kuwait Mission."  622 F.3d at 138.  Since Swarna dealt with a former diplomat and an immigrant employee who had a G-5 visa, the remand of the case by the Second Circuit for further proceedings has no bearing on the instant action.

The Second Circuit has also addressed limits on the amenability of diplomats to service of process.  The controlling provisions of the Vienna Diplomatic Convention were discussed in Tachiona v. United States, 386 F.3d 205 (2nd Cir. 2004), as follows:

> "The district court reasoned that because Article 31 permits suit against – and, therefore, service of process upon – diplomats in certain limited circumstances, service of process does not violate the inviolability principle. [citation omitted].  But this reasoning turns controlling precedent on its head.  In 767 Third Avenue Associates, we explained that the inviolability principle 'makes no provision for exceptions other than those set forth in Article 31.' 988 F.2d at 298.  Accordingly, the fact that service of process is allowed in order to initiate the actions permitted by the express exceptions to inviolability does not mean that service of process on a diplomat is otherwise permissible under Article 29.  If anything, that fact indicates that service of process on a diplomat in any action not specified in Article 31 would be improper; 767 Third Avenue Associates mandates that unless the Article 31 exceptions apply, the term 'inviolable' must be accorded its fullest meaning, unimpaired by Article 31."

Id. at 223.

Since none of the plaintiff's claims in the instant action are based on any of the express exceptions in Article 31, as discussed above, this action must be dismissed.

In <u>Tabion v. Mufti</u>, 73 F.3d 535 (4th Cir.), the plaintiff served as a domestic servant to the defendant First Secretary, and later Counsellor, of the Jordanian Embassy in Washington, D.C. and his wife.  The plaintiff alleged breach of contract, that she received low pay and worked long hours, and that there had been intentional misrepresentations in her employment and false imprisonment.  <u>Id.</u> at 536.  Citing authorities addressing the interpretation of Article 31(1)(c) of the Vienna Diplomatic Convention, the Court held that:

> "It is evident from the foregoing authorities that the phrase 'commercial activity,' as it appears in the Article 31(10(c) exception, was intended by the signatories to mean 'commercial activity exercised by the diplomatic agent in the receiving State outside his official functions.  Day-to-day living services such as dry cleaning or domestic help were not meant to be treated as outside a diplomat's official functions.  Because these services are incidental to daily life, diplomats are to be immune from disputes arising from them."

<u>Id.</u> at 538-39.

Accordingly, the Fourth Circuit affirmed the District Court's quashing service of process in the case.

In <u>Gonzalez Paredes v. Vila</u>, 479 Fed.Supp.2d 187 (D.D.C. 2007), the plaintiff had obtained an A-3 diplomatic visa to perform house work and child care for the defendant husband and wife while the husband served in an unidentified capacity at the Embassy of Argentina.  The plaintiff claimed that she had been overworked and underpaid.  The court cited a statement of interest filed by the United States in that case that stated: "[w]hen diplomats enter into contractual relationships for personal goods or services incidental to residing in the host country, including the employment of domestic workers, they are not engaging in 'commercial

8

activity' as that term is used in the [Vienna Convention on Diplomatic Relations]." Id. at 193. Accordingly, the case was dismissed in its entirety based upon the Vienna Diplomatic Convention and the provisions of 22 U.S.C. § 254d.

In Sabbithi v. Al Saleh, 605 F.Supp.2d 122 (D.D.C. 2009), the three plaintiffs, domestic workers from India, had obtained A-3 diplomatic visas to serve as domestic workers for the defendant Kuwaiti diplomat and his wife while the diplomat served as an Attache' to the Embassy of Kuwait in Washington, D.C. The plaintiffs claimed that they were overworked, underpaid, deprived of their passports, threatened with physical harm and physically abused. Id. at 125. The plaintiffs argued that their work as domestic servants constituted human trafficking and therefore was a "commercial activity" within the meaning of the Vienna Diplomatic Convention. The court held that: "Hiring household help is incidental to the daily life of a diplomat and therefore not commercial for purposes of the exception to the Vienna Convention." Id. at 127. The court also relied upon the statement of interest filed by the United States in the Gonzalez Paredes case cited above. Accordingly, the case was dismissed.

In Montuya v. Chedid, __ F.Supp.2d __, 2011 WL 1557921 (D.D.C. 2011), the plaintiff had served as a domestic servant to the Ambassador of Lebanon to the United States and his wife. Plaintiff claimed that she was overworked, underpaid, verbally abused and insulted, and not allowed to leave the defendants' home and was illegally confined there. Id. at *1. Citing the Gonzalez Paredes and Sabbithi decisions, the Court dismissed the case.

The terms of the Vienna Diplomatic Convention mandate dismissal of this action in its entirety.

**D.      The Vienna Convention on Consular Relations**

Although all of the defendants have absolute immunity from this lawsuit based on the Vienna Diplomatic Convention and the U.S. Code, it should also be noted that they have absolute immunity from this lawsuit under the Vienna Convention on Consular Relations and Optional Protocols ("Vienna Consular Convention").  As noted above, Prabhu Dayal has served as Ambassador of India to Kuwait and Morocco.  He is currently serving as Consul General in New York because that position is customarily occupied by someone having the rank of an ambassador given the importance accorded to that position.  See Indian Government Affidavit, at pp. 1-2.

The ("Vienna Consular Convention") was ratified by the United States on November 24, 1969.  Article 43 of the Vienna Consular Convention provides immunity from jurisdiction for consular officers and employees, as follows:

> "1.  Consular officers and consular employees shall not be amenable to the jurisdiction of the judicial or administrative authorities of the receiving State in respect of acts performed in the exercise of consular functions.

> "2.  The provisions of paragraph 1 of this Article shall not, however, apply in respect of a civil action either:

>> "a.  arising out of a contract concluded by a consular officer or a consular employee in which he did not contract expressly or impliedly as an agent of the sending State; or

>> "b.  by a third party for damage arising from an accident in the receiving State caused by a vehicle, vessel or aircraft."

The Vienna Consular Convention thus provides immunity from litigation for consular officers with an exception, under section 2(a), if the action arises out of a contract in which the consular officer did not contract expressly or impliedly as an agent of the sending State.

The indisputable facts establish that Plaintiff's employment at the New York Consulate was as an agent of India.  As noted above, the Indian Government Affidavit notes that; (1) Plaintiff Santosh Bhardwaj was sent to New York on an official assignment as a service staff member, with the Indian Government directly involved in determining her salary and living conditions; (2) she was provided with an official Indian passport; (3) her U.S. visa application was pursuant to provisions which designated her as a service staff member; (4) she traveled from Delhi to New York on an air ticket purchased by the Government of India; (5) she had a one room apartment with attached bathroom on the fifth floor of the New York Consulate building which is a Government of India-owned building; (6) her medical treatment was paid for by the Government of India and she was treated by the same doctors who treated other officials of the Consulate; (7) upon completing one year of service in New York, she would have been given home leave passage to India, paid for by the Government of India, and at the end of her service would have returned to India at Government cost; and (8) she was issued an official passport by the Government of India to serve exclusively on official assignment in the Indian Consulate in New York.  Id., at pp. 3-4.

The Indian Government Affidavit confirms that Plaintiff "enjoyed official status" and was in New York on "official assignment on behalf of the Indian Government."  Id., at p. 3.

It is indisputable that Plaintiff was employed "expressly or impliedly as an agent of the sending State" and therefore her claims would be precluded even under the Vienna Consular Convention.  Article 53(2) of the Vienna Consular Convention specifically provides that members of the family of a consular officer are also immune from suit.

The terms of the Vienna Consular Convention mandate dismissal of this action in its entirety.

11

## CONCLUSION

For all of the reasons stated above and in the accompanying Government of India

Affidavit, the Amended Complaint should be dismissed in its entirety,

Dated: New York, New York
       September 8, 2011

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By: _____
David C. Burger (DCB-8666)
875 Third Avenue
New York, New York 10022-0123
(212) 603-6300
Attorneys for Defendants

12