**OUTTEN & GOLDEN LLP**
Adam Klein
Dana Sussman
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**THE LEGAL AID SOCIETY**
Steven R. Banks, Attorney-in-Chief
Adriene L. Holder, Attorney-in-Charge, Civil Practice
Karen Cacace, Supervising Attorney
Hollis V. Pfitsch, of counsel
Employment Law Unit
199 Water Street, 3rd Floor
New York, New York 10038
Telephone: (212) 577-3465

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTOSH BHARDWAJ,<br><br>    **Plaintiff,**<br><br>  - against -<br><br>**PRABHU DAYAL, CHANDINI DAYAL, and AKANSHA DAYAL,**<br><br>    **Defendants.** | |
| **PRABHU DAYAL,**<br><br>    **Counterclaim-Plaintiff,**<br><br>  - against –<br><br>**SANTOSH BHARDWAJ,**<br><br>    **Counterclaim-Defendant,**<br><br>  - and -<br><br>**HOLLIS PFITSCH,**<br><br>  - and -<br><br>**THE LEGAL AID SOCIETY,**<br><br>    **Additional Defendants on Counterclaims.** | **No. 11 Civ. 4170 (AKH)** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT DISMISSING COUNTERCLAIMS

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL HISTORY.................................................................................................... 2

FACTS .................................................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

    I.     All of the Statements to the Media Are Protected by the Fair Reporting Privilege
and Therefore Cannot Form the Basis of a Defamation Claim. ............................. 4

    II.    Ms. Bhardwaj's Statements to the Media are Pure Opinion and Therefore Are Not
Defamatory as a Matter of Law. ............................................................................ 7

    III.   Allegations Pled in the Original Complaint Are Protected by the Absolute
Litigation Privilege and Therefore Cannot Form the Basis of a Defamation
Claim........................................................................................................................ 9

    IV.   Defendant's Claims Must Be Dismissed Because He Has Failed to Plead That Ms.
Bhardwaj Acted with Actual Malice.................................................................... 11

CONCLUSION...................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

CASES

*600 West 115th St. Corp. v. Von Gutfeld*,
    603 N.E.2d 930 (N.Y. 1992)....................................................................................7

*Atkins v. Bohrer*,
    No. 11 Civ. 4939, 2011 WL 6779311 (S.D.N.Y. Dec. 23, 2011)...........................10

*Brian v. Richardson*,
    660 N.E.2d 1126 (N.Y. 1995)...............................................................................8, 9

*Celle v. Filipino Reporter Enters. Inc.*,
    209 F.3d 163 (2d Cir. 2000)....................................................................................7

*Chord Assocs., LLC v. Protech, 2003-D, LLC*,
    No. 07 Civ. 5138, 2010 WL 3780380 (E.D.N.Y. Sept. 21, 2010)................9, 10, 11

*Cordell-Reeh v. Nannies of St. James Inc.*,
    2004 N.Y. Slip Op. 30189(U), 2004 WL 5528813 (N.Y. Sup. Ct. Mar. 12, 2004) ..........5, 6, 7

*First Indem. of Am. Ins. Co. v. Shinas*,
    No. 03 Civ. 6634, 2009 WL 3154282 (S.D.N.Y. Sept. 30, 2009)...........................10

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
    No. 06 Civ. 160, 2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009) ................................9

*Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*,
    49 N.Y.2d 63 (N.Y. 1979) ......................................................................................5

*Hughes Training Inc., Link Div. v. Pegasus Real-Time Inc.*,
    255 A.D. 2d 729 (N.Y. App. Div. 1998) ...............................................................5, 6

*Immuno AG. v. Moor-Jankowski*,
    567 N.E.2d 1270 (N.Y. 1991)..................................................................................8

*Jones v. SmithKlineBeecham*,
    No. 07 Civ. 0033, 2007 WL 2362354 (N.D.N.Y. Aug. 14, 2007)..........................11

*Kelly v. Albarino*,
    485 F.3d 664 (2d Cir. 2007)............................................................................4, 9, 10

*Komarov v. Advance Magazine Publishers, Inc.*,
    691 N.Y.S.2d 298 (N.Y. Sup. Ct. 1999) .................................................................5

*Mann v. Abel*,
  885 N.E.2d 884 (N.Y. 2008)..........................................................................................8

*McNally v. Yarnall*,
  764 F.Supp. 853 (S.D.N.Y. 1991)...............................................................................5

*McRedmond v. Sutton Place Rest. & Bar, Inc.*,
  48 A.D.3d 258 (N.Y. App. Div. 2008) .....................................................................6, 7

*Mosesson v. Jacob D. Fuchsberg Law Firm*,
  683 N.Y.S.2d 88 (N.Y. App. Div. 1999) .................................................................11

*N.Y. Times Co. v. Sullivan*,
  376 U.S. 254 (1964)................................................................................................2, 11

*Rinaldi v. Holt, Rinehart & Winston*,
  366 N.E.2d 1299 (N.Y. 1977)....................................................................................7

*Salvatore v. Kumar*,
  45 A.D.3d 560 (N.Y. App. Div. 2007) ........................................................................4

*Sandals Resorts Int'l Ltd. v. Google, Inc.*,
  86 A.D.3d 32 (N.Y. App. Div. 2011) ..........................................................................8

*Sinrod v. Stone*,
  799 N.Y.S.2d 273 (N.Y. App. Div. 2005) .................................................................10

*Steinhilber v. Alphonse*,
  501 N.E.2d 550 (N.Y. 1986)....................................................................................7, 8

*Williams v. Williams*,
  246 N.E.2d 333 (N.Y. 1969).....................................................................................5, 6

*World City Found., Inc. v. Sacchetti*, No. 114829/03, 2004 WL 5487921 (N.Y. Sup. Ct.
  Apr. 12, 2004)...........................................................................................................5, 6

STATUTES

29 U.S.C. § 201 *et seq.*.........................................................................................................3

N.Y. Civ. Rights L.§ 74 ..................................................................................................4, 5

18 U.S.C. § 1595..................................................................................................................3

## PRELIMINARY STATEMENT

Plaintiff Santosh Bhardwaj filed this lawsuit against her former employers Prabhu Dayal, the current Consul General of India, his wife Chandini Dayal, and his daughter Akansha Dayal, because the Dayals induced Ms. Bhardwaj to come to the United States from India with false promises of decent pay and working conditions.  Instead, during the time that Ms. Bhardwaj worked for the Dayals as their domestic servant, the Dayals failed to pay her the promised wages or even enough to comply with the minimum wage and overtime laws.  Ms. Bhardwaj asserted violations of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, the Fair Labor Standards Act, and New York Labor Law, and related common law claims. In response to Ms. Bhardwaj's lawsuit, Defendants attempted to intimidate her and have her deported.   Based on these actions, Ms. Bhardwaj filed an Amended Complaint adding retaliation claims.

Rather than proceed to the merits of the case, Defendants filed a motion to dismiss based on their position that Prabhu Dayal was immune from suit due to his position as the Consul General of India.  Finding that Dayal's position does not insulate him from Ms. Bhardwaj's claims, the Court denied Defendants' motion to dismiss.  Defendant Prabhu Dayal has now filed a Second Amended Answer asserting counterclaims against Ms. Bhardwaj and her counsel, The Legal Aid Society and Hollis Pfitsch.[1]

Defendant Dayal asserts two claims of defamation, slander and libel, based on statements released to the press describing the allegations contained in the Complaint and certain allegations

---

[1]     The Legal Aid Society and Hollis Pfitsch are represented by Cahill, Gordon & Reindel LLP and are filing a separate motion to dismiss the counterclaims.  This motion only addresses the counterclaims against Ms. Bhardwaj.  Ms. Bhardwaj joins all of the arguments made by The Legal Aid Society and Hollis Pfitsch.

in the Complaint itself.[2]  Defendant, however, fails to recognize the existence of several relevant privileges that bar these claims: 1) the fair reporting privilege, which covers the publication of a fair and true report of judicial proceedings; 2) the pure opinion privilege, which protects statements of opinion supported by a recitation of facts on which the opinion is based; and 3) the absolute litigation privilege, which covers communications both in court and documents filed in judicial proceedings.  Because these privileges apply to the statements Mr. Dayal contends are defamatory, the Court should grant Plaintiff's motion to dismiss and for summary judgment.

Even if these absolute privileges were unavailable, Defendant Dayal's claims must be dismissed because he has failed to plead that Ms. Bhardwaj acted with actual malice.  Mr. Dayal is a public official who must plead and prove by clear and convincing evidence that the allegedly defamatory statements were made with actual malice – that is, that the persons who made them did so while believing they were actually false or with serious doubts as to their truth.  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964).  Because Mr. Dayal has failed to make this allegation, his claims must be dismissed.[3]

## PROCEDURAL HISTORY

Plaintiff Bhardwaj filed the original Complaint on June 20, 2011, and filed an Amended Complaint on August 12, 2011.  Defendants filed their Motion to Dismiss on September 8, 2011, which the Court denied at oral argument on November 30, 2011.  Defendants then filed their Answers on December 20, 2011 and subsequently filed Amended Answers, including the Amended Answer with Counterclaims on behalf of Mr. Dayal, on December 30, 2011.  At a

---

[2]     Defendants filed Amended Answers separately for Defendants Chandini Dayal and Akansha Dayal.  ECF Nos. 33, 34.  Defendants did not file Second Amended Answers for Defendants Chandini Dayal and Akansha Dayal.  Only Mr. Dayal's Second Amended Answer included counterclaims.

[3]     The Legal Aid Society and Hollis Pfitsch assert arguments in their brief regarding Dayal's failure to plead actual malice, which Ms. Bhardwaj incorporates by reference.

2

status conference on January 20, 2012, the Court granted Defendants leave to amend Mr. Dayal's

Amended Answer and Counterclaims.  Defendant Dayal filed the Second Amended Answer and

First Amended Counterclaims on February 3, 2012 ("Sec. Am. Ans.").

## FACTS

As alleged in her Amended Complaint, Plaintiff Bhardwaj was employed by Defendants

as a personal domestic servant from January 2009 until January 2010, at Defendants' residence

in the Indian Consulate in New York City.  Ms. Bhardwaj was lured from India to New York by

Defendants' promises of a wage of ten dollars per hour and a forty-hour workweek.  However,

upon her arrival in New York, Defendants confiscated Ms. Bhardwaj's passport and required that

she work fourteen to sixteen hours per day, cooking, cleaning, and laundering for Defendants.

Defendants paid Ms. Bhardwaj approximately $300 per month by depositing money into a bank

account in India, the equivalent of less than one dollar per hour.

Both Ms. Bhardwaj's original Complaint and her Amended Complaint assert statutory

claims of forced labor and trafficking under the William Wilberforce Trafficking Victims

Protection Reauthorization Act, 18 U.S.C. § 1595, a minimum wage claim under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, minimum wage, overtime, spread-of-hours,

and unpaid wage claims under the New York Labor Law ("NYLL"), N.Y. Lab. L. § 190 *et seq.*,

and related common law claims.  Ms. Bhardwaj's Amended Complaint includes additional

claims of retaliation under the FLSA and the NYLL based on Defendants' actions to intimidate

Ms. Bhardwaj and have her deported after the original Complaint was filed.  Am. Compl. ¶¶

135-40.  Both the original Complaint and the Amended Complaint plead all of the underlying

facts required for every cause of action asserted.  The Amended Complaint also deleted certain

factual allegations that, although relevant to a full understanding of the factual circumstances, were not necessary to prove in order to establish the causes of action.

## ARGUMENT

Defendant's counterclaims of defamation (libel and slander) cannot survive because the claims are based solely on speech protected by privileges under New York law.  "The elements of a cause of action for defamation are a 'false statement, *published without privilege* or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se.'" *Salvatore v. Kumar*, 45 A.D.3d 560, 563 (N.Y. App. Div. 2007) (quoting *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (N.Y. App. Div. 1991)) (emphasis added).

Defendant bases his claims on Plaintiff's statements released to the media regarding the Complaint and certain allegations in the Complaint.  However, the statements to the media are protected by the fair reporting privilege as a fair and true report of judicial proceedings.  *See* N.Y. Civ. Rights L. § 74.  Ms. Bhardwaj's statements reported in the media are also protected by the New York Constitution as pure opinion.  And the allegations in the original Complaint are protected by the absolute litigation privilege, which covers communications both in court and in documents filed in judicial proceedings.  *See Kelly v. Albarino*, 485 F.3d 664, 665-66 (2d Cir. 2007).

**I.     All of the Statements to the Media Are Protected by the Fair Reporting Privilege and Therefore Cannot Form the Basis of a Defamation Claim.**

The statements to the media are protected by New York's statutory privilege for publication of a fair and true report of judicial proceedings under N.Y. Civil Rights Law Section 74.  Section 74 provides that "[a] civil action cannot be maintained against *any person*, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative

4

proceeding or other official proceeding."  N.Y. Civ. Rights L. § 74 (emphasis added).

Historically, the statutes preceding Section 74 limited the privilege to members of the media, but

the amended statutory language clearly extends the privilege to "any person."  *World City*

*Found., Inc. v. Sacchetti*, No. 114829/03, 2004 WL 5487921 (N.Y. Sup. Ct. Apr. 12, 2004)

(citing *Williams v. Williams*, 246 N.E.2d 333 (N.Y. 1969)).  Allegedly defamatory statements fall

"within the privilege conferred by § 74 where it appears that all of the statements published by

the [plaintiff] are of and concerning the complaint in the underlying federal litigation, and

constitute substantially accurate descriptions or characterizations of such complaint."  *McNally v.*

*Yarnall*, 764 F. Supp. 853, 856 (S.D.N.Y. 1991) (internal quotation marks omitted).[4]

  Statements by parties to a lawsuit that are published in the media, such as Ms.

Bhardwaj's statements, are protected by the privilege so long as they meet the "fair and true"

standard.  *See, e.g.*, *Cordell-Reeh v. Nannies of St. James Inc.*, 2004 N.Y. Slip Op. 30189(U),

2004 WL 5528813, (N.Y. Sup. Ct. Mar. 12, 2004), *aff'd*, 785 N.Y.S.2d 694 (N.Y. App. Div.

2004) (statements made by plaintiff and her counsel to media protected by privilege).  To meet

the "fair and true" standard, "it is enough that the substance of the article be substantially

accurate."  *Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*, 49 N.Y.2d

63, 68 (N.Y. 1979); *see also Hughes Training Inc., Link Div. v. Pegasus Real-Time Inc.*, 255

---

[4] Defendant also improperly bases his counterclaims on statements neither made by nor attributed to Ms. Bhardwaj, but *by the media*, summarizing, paraphrasing, or directly quoting the original Complaint.  *See* Sec. Am. Ans. ¶¶ 166, 168, 170, 171, 172, 173, 175, 182.  These statements are not properly the subject of a defamation claim against Ms. Bhardwaj because Ms. Bhardwaj is not the "publisher" of the statements.  If Defendant Dayal takes issue with the media's reporting of this lawsuit, the proper remedy is a claim of defamation against those media outlets.  *See, e.g.*, *Komarov v. Advance Magazine Publishers, Inc.*, 691 N.Y.S.2d 298, 300 (N.Y. Sup. Ct. 1999) (finding fair reporting privilege applied where plaintiff brought claims of defamation *against publisher and employees of magazine* for publishing information contained in an affidavit filed with the court).

A.D. 2d 729, 730 (N.Y. App. Div. 1998); *Cordell-Reeh*, 2004 WL 5528813 (privilege applies where, "[i]n speaking to the media, plaintiff and her counsel simply described plaintiff's position in the lawsuit, and the underlying factual and legal basis for her claims . . . as set forth in the complaint.").[5]  Accordingly, if the statements complained about "essentially summarize or restate the allegations of the complaint" the fair reporting privilege applies.  *McRedmond v. Sutton Place Rest. & Bar, Inc.*, 48 A.D.3d 258, 259 (N.Y. App. Div. 2008).

Defendant has attempted to create a factual issue by alleging that The Legal Aid Society, Hollis Pfitsch, and Plaintiff Bhardwaj made statements to the press before the original Complaint was filed, yet Defendant has failed to cite a single article that was published prior to the filing of the lawsuit.  *See* Sec. Am. Ans. ¶ 165 ("In order for the Daily News Article to be published on the very same day the original Complaint in the instant action would – upon information and belief – reasonably require Bhardwaj to have spoken with the Daily News before the original Complaint was actually filed and publicly available."); *see also id.* ¶ 167.  This is because neither Ms. Bhardwaj nor her attorneys at The Legal Aid Society spoke to any members of the media or released any prepared statement about the lawsuit prior to the filing of the original Complaint. *See* Plaintiff's Rule 56.1 Statement ¶¶ 3-5.  Accordingly, all the statements at issue are protected by the fair reporting privilege.

Indeed, Ms. Bhardwaj's statements: "I filed the complaint because I want to be paid for all the labor I provided," "The Dayals did not treat me fairly," and "I filed this complaint because I want to be paid for all the labour I provided and for all the injustice I suffered – and I want my

---

[5]     The only exception to the fair reporting privilege applies where a proceeding is brought "*solely* as a shield against liability for dissemination of defamatory accusations." *World City Found.*, 2004 WL 5487921 (emphasis in original); *see also Williams*, 246 N.E.2d at 337. Defendants have not alleged that Ms. Bhardwaj instituted this proceeding for such a reason – and there is absolutely no factual basis for such an assertion.

passport returned" are exactly the type of statements the fair reporting privilege was intended to

cover.  The original Complaint and the Amended Complaint both clearly state that Ms. Bhardwaj

seeks unpaid wages pursuant to the FLSA and the NYLL, that she was not provided the wages or

the work schedule and conditions she was promised, and that her passport was confiscated.  *See*

Compl. ¶¶ 4, 98-123; Am. Compl. ¶ 4, 83-108.  Her statements are privileged because they

"simply describe [her] position in the lawsuit," *Cordell-Reeh*, 2004 WL 5528813, and because

they constitute a "substantially accurate" characterization of the Complaint, *McRedmond*, 48

A.D.3d at 259.  Thus, because the fair reporting privilege protects all the statements made to the

press at issue, summary judgment should be granted for Ms. Bhardwaj.

## II.    Ms. Bhardwaj's Statements to the Media Are Pure Opinion and Therefore Are Not Defamatory as a Matter of Law.

Defendant's claims with respect to the statements directly quoting Ms. Bhardwaj must

also be dismissed because the statements, on their face, are not defamatory, but rather constitute

non-actionable opinion.  Under New York law, "only statements alleging facts can properly be

the subject of a defamation action." *600 West 115th St. Corp. v. Von Gutfeld*, 603 N.E.2d 930

(N.Y. 1992).  Statements that constitute opinion are absolutely protected by the New York

Constitution.  *Celle v. Filipino Reporter Enters.  Inc.*, 209 F.3d 163, 178 (2d Cir. 2000).

Whether the challenged statement is opinion or fact is a matter of law.  *Rinaldi v. Holt, Rinehart*

*& Winston*, 366 N.E.2d 1299, 1306 (N.Y. 1977); *see also Steinhilber v. Alphonse*, 501 N.E.2d

550 (N.Y. 1986) (dismissing defamation claim because statements at issue were pure opinion).

New York courts follow a three-part test to determine whether an allegedly defamatory statement

is actionable "fact" or non-actionable opinion:

> (1) whether the specific language in issue has a precise meaning which is readily
> understood; (2) whether the statements are capable of being proven true or false;

7

and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal ... readers or listeners that what is being read or heard is likely to be opinion, not fact.

*Mann v. Abel*, 885 N.E.2d 884, 886 (N.Y. 2008) (citations omitted).

A "pure opinion" is a statement of opinion which is accompanied by a recitation of the facts upon which it is based. *Sandals Resorts Int'l Ltd. v. Google, Inc.*, 86 A.D.3d 32, 40 (N.Y. App. Div. 2011). Pure opinion statements are not actionable because the speaker is not implying that he or she knows facts the reader does not know. *Id.* at 38 (an email constituted non-actionable pure opinion because it included links to sources that formed the basis of its opinion); *cf. Steinhilber*, 501 N.E.2d at 552-53 ("When . . . the statement of opinion implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, it is a 'mixed opinion' and is actionable").

In distinguishing between actionable factual assertions and nonactionable opinion, courts consider the content of the communication as a whole. *Brian v. Richardson*, 660 N.E.2d 1126, 1129 (N.Y. 1995). In doing so, courts evaluate the context in which the assertions were made and determine on that basis "whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff." *Immuno AG. v. Moor-Jankowski*, 567 N.E.2d 1270, 1281 (N.Y. 1991). In *Brian*, for example, the Court of Appeals determined that because the alleged defamatory statements were made in an op-ed written by the attorney for a party involved in a dispute about which he was writing, and because the defendant disclosed his role as an attorney at the outset, a reasonable reader would know this person was not a disinterested observer. The Court of Appeals held that "both the immediate context of the article itself and the broader context in which the article was published made it sufficiently apparent to the reasonable reader that its contents represented the opinion of the author and that

8

its specific charges about plaintiff were allegations and not demonstrable fact." *Brian*, 660

N.E.2d at 1131.

Similarly, Ms. Bhardwaj's statements constitute pure opinion because they are subjective

assertions accompanied by reference to the allegations in the Complaint. *See* Sec. Am. Ans. ¶

161 ("I filed the complaint because I want to be paid for all the labor I provided."); *id.* ¶¶ 166,

168, 170-72 ("The Dayals did not treat me fairly."); *id.* ¶ 179 ("I filed this complaint because I

want to be paid for all the labour I provided and for all the injustice I suffered – and I want my

passport returned."). A reasonable reader would understand that Ms. Bhardwaj is an interested

party, as the plaintiff in a lawsuit, and her statements simply constitute her opinion of her claims

and her lawsuit, as supported by the allegations in the Complaint. Accordingly, Defendant's

claims for defamation based on these statements should be dismissed.

**III.     Allegations Pled in the Original Complaint are Protected by the Absolute Litigation
           Privilege and Therefore Cannot Form the Basis of a Defamation Claim.**

Defendant's defamation counterclaims are also based, in part, on allegations made by

Plaintiff Bhardwaj in the original Complaint. *See* Sec. Am. Ans. ¶¶ 189-207. The absolute

litigation privilege covers statements made in connection with litigation, *Kelly*, 485 F.3d at 665-

66, which includes statements made in pleadings, briefs, and affidavits submitted to the court.

*Chord Assocs., LLC v. Protech*, *2003-D, LLC*, No. 07 Civ. 5138, 2010 WL 3780380, at *3

(E.D.N.Y. Sept. 21, 2010). The allegations made by Plaintiff Bhardwaj in the original

Complaint fall squarely within this privilege. Where, as here, the litigation privilege applies to

the allegedly defamatory statements, courts routinely grant motions to dismiss. *See, e.g.*,

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06 Civ. 160, 2009 WL 4547792,

at *9-10 (E.D.N.Y. Dec. 1, 2009) (dismissing defendant's defamation counterclaims for failure

to state a claim because statements contained in second amended complaint were absolutely

privileged); *First Indem. of Am. Ins. Co. v. Shinas*, No. 03 Civ. 6634, 2009 WL 3154282, at *11 (S.D.N.Y. Sept. 30, 2009) (same); *Sinrod v. Stone*, 799 N.Y.S.2d 273, 274 (N.Y. App. Div. 2005) (dismissing defamation claims because statements contained in complaints to Grievance Committee were absolutely privileged).

The litigation privilege is "the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege even though such matter may be ineffectual as a defense." *Kelly*, 485 F.3d at 666. The privilege covers every step of a proceeding, even if preliminary or investigatory. *Atkins v. Bohrer*, No. 11 Civ. 4939, 2011 WL 6779311, at *8 (S.D.N.Y. Dec. 23, 2011) (internal citation omitted). There is no question that the privilege applies to initial pleadings filed before a court.

Courts apply an extremely liberal standard in evaluating the "pertinence" of statements made in connection with litigation. To fall within the privilege, a statement need not be either relevant or material and only "the barest rationality, divorced from any palpable or pragmatic degree of probability, suffices." *Chord Assocs.*, 2010 WL 3780380, at *3 (quoting *Pomerance v. McTiernan*, 859 N.Y.S.2d 44, 46 (N.Y. App. Div. 2008)). The allegedly defamatory statements in the original Complaint regarding details of Ms. Bhardwaj's living and working conditions are without a doubt pertinent to her claims of trafficking and violations of federal and state labor laws. The statements covered the following issues: circumstances, including an incident of sexual harassment, which led to Plaintiff Bhardwaj's escape, Sec. Am. Ans. ¶¶ 189, 205, payment of wages, *id.* ¶¶ 190-93, 195, 199, 200, living space and amenities, *id.* ¶ 194, 198, hours of work, days off and breaks, *id.* ¶¶ 196-97-170, 174, isolation, *id.* ¶¶ 201, 202, 204, and confiscation of Ms. Bhardwaj's passport, *id.* ¶ 203.

Whether or not the statements are defamatory is irrelevant; when they are at all pertinent to the litigation they are absolutely privileged and may not be the basis for any civil action. *Jones v. SmithKlineBeecham*, No. 07 Civ. 0033, 2007 WL 2362354, at *4 (N.D.N.Y. Aug. 14, 2007) (allegedly libelous false testimony given under oath in the course of a judicial proceeding cannot form basis of defamation claim); *see also Mosesson v. Jacob D. Fuchsberg Law Firm*, 683 N.Y.S.2d 88, 89 (N.Y. App. Div.1999) ("The [litigation] privilege is broad enough to extend to all matters which would be libelous if not for their introduction into an action and which might become pertinent at any time during the proceedings."). A statement which is ultimately proven inaccurate or false may still be pertinent and thus absolutely privileged. *See Chord Assocs.*, 2010 WL 3780380, at *3. Because the statements at issue are pertinent to this litigation, they are protected by the litigation privilege. The fact that the allegations were not included in the Amended Complaint has no bearing on the application of the privilege. Accordingly, Defendant's claims for defamation based on these statements should be dismissed.

**IV. Defendant's Claims Must Be Dismissed Because He Has Failed to Plead That Ms. Bhardwaj Acted with Actual Malice.**

Even if the privileges addressed above were unavailable, Defendant Dayal's claims must be dismissed because he has failed to plead that Ms. Bhardwaj acted with actual malice. As a public official, Mr. Dayal must plead and prove by clear and convincing evidence that the allegedly defamatory statements were made with actual malice – that is, that the persons who made them did so while believing they were actually false or with serious doubts as to their truth. *Sullivan*, 376 U.S. at 280. In this respect, Ms. Bhardwaj respectfully refers the Court to the arguments set forth in the Memorandum of Law submitted by The Legal Aid Society and its staff attorney, Hollis Pfitsch, which are incorporated here by reference. Because Mr. Dayal has failed to make this allegation, his claims must be dismissed.

11

## CONCLUSION

For the reasons set forth above, Plaintiff Bhardwaj respectfully requests that the Court grant Plaintiff's motion to dismiss and for summary judgment on Defendant's counterclaims.

Dated:      March 8, 2012
              New York, New York

                                    Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

  _/s/ Dana Sussman         
Dana Sussman

**OUTTEN & GOLDEN LLP**
Adam Klein
Dana Sussman
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:(212) 245-1000

**THE LEGAL AID SOCIETY**
Steven R. Banks, Attorney-in-Chief
Adriene L. Holder, Attorney-in-Charge, Civil Practice
Karen Cacace, Supervising Attorney, Employment Law Unit
Hollis V. Pfitsch, of counsel
199 Water Street, 3rd Floor
New York, New York 10038
Telephone: (212) 577-3465

12