**OUTTEN & GOLDEN LLP**
Adam Klein
Dana Sussman
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**THE LEGAL AID SOCIETY**
Steven R. Banks, Attorney-in-Chief
Adriene L. Holder, Attorney-in-Charge, Civil Practice
Karen Cacace, Supervising Attorney
Hollis V. Pfitsch, of counsel
Employment Law Unit
199 Water Street, 3rd Floor
New York, New York 10038
Telephone: (212) 577-3465

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SANTOSH BHARDWAJ,**<br><br>**Plaintiff,**<br><br>**- against -**<br><br>**PRABHU DAYAL, CHANDINI DAYAL, and AKANSHA DAYAL,**<br><br>**Defendants.** | |
| **PRABHU DAYAL,**<br><br>**Counterclaim-Plaintiff,**<br><br>**- against –**<br><br>**SANTOSH BHARDWAJ,**<br><br>**Counterclaim-Defendant,**<br><br>**- and -**<br><br>**HOLLIS PFITSCH,**<br><br>**- and -**<br><br>**THE LEGAL AID SOCIETY,**<br><br>**Additional Defendants on Counterclaims.** | **No. 11 Civ. 4170 (AKH)** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT AKANSHA DAYAL'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1

PROCEDURAL HISTORY ........ 2

FACTS ........ 2

ARGUMENT ........ 3

I. There are Material Facts in Dispute Precluding Summary Judgment as to Akansha Dayal's Liability as an Employer under the FLSA and NYLL ........ 3

A. Akansha Dayal "Suffered or Permitted" Ms. Bhardwaj to Work and Was Therefore One of her Employers ........ 4

B. Akansha Dayal Was a Joint Employer of Ms. Bhardwaj, Together With Her Parents ........ 7

II. Defendants' Motion for Summary Judgment Is Premature ........ 10

CONCLUSION ........ 12

# TABLE OF AUTHORITIES


Page(s)

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................3, 10

*Ansoumana v. Gristede's Operating Corp.*,
255 F. Supp. 2d 184 (S.D.N.Y. 2003)....................11

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
537 F.3d 132 (2d Cir. 2008)....................9

*Berger v. United States*,
87 F.3d 60 (2d Cir. 1996)....................10

*Brennan v. Qwest Commc'ns Int'l Inc.*,
727 F. Supp. 2d 751 (D. Minn. 2010)....................6

*Chao v. Gotham Registry, Inc.*,
514 F.3d 280 (2d Cir. 2008)....................5

*Curtis & Gartside Co. v. Pigg*,
134 P. 1125 (Okla. 1913)....................5

*DeMarco v. Nw. Mem'l Healthcare*,
No. 10 Civ. 0397, 2011 WL 3510896 (N.D. Ill. 2011)....................6

*Fowler v. Scores Holding Co., Inc.*,
677 F. Supp. 2d 673 (S.D.N.Y. 2009)....................10, 11

*Hellstrom v. U.S. Dep't of Veterans Affairs*,
201 F.3d 94 (2d Cir. 2000)....................10

*Herman v. RSR Sec. Servs. Ltd.*,
172 F.3d 132 (2d Cir. 1999)....................7, 11

*Hodgson v. Griffin & Brand of McAllen, Inc.*,
471 F.2d 235 (5th Cir. 1973)....................8

*Jiao v. Shi Ya Chen*,
No. 03 Civ. 0165, 2007 WL 4944767 (S.D.N.Y. Mar. 30, 2007....................4

*Jones v. Coughlin,*
45 F.3d 677 (2d Cir. 1995)....................10

*Meloff v. N.Y. Life Ins.Co.*,
51 F.3d 372 (2d Cir. 1995)....................10

*Nationwide Mut. Ins. Co. v. Darden*,
503 U.S. 318 (1992)....................5

*Reich v. Dep't of Conservation & Natural Res.*,
28 F.3d 1076 (11th Cir. 1994)....................6, 7

*Rosen v. Trans World Airlines, Inc.*,
No. 94 Civ. 0682, 1997 WL 107640 (S.D.N.Y. Mar. 11, 1997)....................11

*Rutherford Food Corp. v. McComb*,
331 U.S. 722 (1947)....................7, 11

*Savino v. City of New York*,
331 F.3d 63 (2d Cir. 2003)....................3

*Torres v. Gristede's Operating Corp.*,
628 F. Supp. 2d 447 (S.D.N.Y. 2008)....................5, 11

*Torres v. Gristede's Operating Corp.*,
No. 04 Civ. 3316, 2011 WL 4571792 (S.D.N.Y. Sept. 9, 2011)....................11

*Torres-Lopez v. May*,
111 F.3d 633 (9th Cir. 1997)....................8

*Trebor Sportswear Co. v. The Limited Stores, Inc.*,
865 F.2d 506 (2d Cir. 1989)....................10

*U.S. Dep't of Labor v. Lauritzen*,
835 F.2d 1529 (7th Cir. 1987)....................5

*Zheng v. Liberty Apparel Co. Inc.*,
355 F.3d 61 (2d Cir. 2003)....................4, 7, 8, 9

**STATUTES**

18 U.S.C. § 1595....................3, 12

29 U.S.C. § 201....................3

29 U.S.C. § 203(g)....................4

N.Y. Lab. L. § 2(7)....................4

N.Y. Lab. L. § 190....................3

**OTHER AUTHORITIES**

29 C.F.R. § 785.11 .......... 5

29 C.F.R. § 791.2 .......... 7, 9

Fed. R. Civ. P. 56 .......... 10

## PRELIMINARY STATEMENT

Plaintiff Santosh Bhardwaj filed this lawsuit against her former employers Prabhu Dayal, the current Consul General of India, his wife Chandini Dayal, and his daughter Akansha Dayal, for whom she worked as a domestic servant at the Indian Consulate in New York City. Ms. Bhardwaj alleges claims arising from Defendants' actions in luring Ms. Bhardwaj to come to the United States from India with false promises of decent pay and working conditions and then failing to pay her the promised wages or even enough to comply with the minimum wage and overtime laws. Ms. Bhardwaj asserts violations of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, the Fair Labor Standards Act, New York Labor Law, and related common law claims. In response to Ms. Bhardwaj's lawsuit, Defendants attempted to intimidate her and have her deported. Based on these actions, Ms. Bhardwaj filed an Amended Complaint adding retaliation claims.

Defendants have used motion practice as a tactic to delay reaching the merits of the case. First, Defendants filed a motion to dismiss based on their position that Prabhu Dayal was immune from suit due to his position as the Consul General of India. Finding that Dayal's position does not insulate him from Ms. Bhardwaj's claims, the Court denied Defendants' motion to dismiss. Defendants then filed counterclaims of libel and slander against Ms. Bhardwaj and her lawyers, Hollis Pfitsch and The Legal Aid Society. Motions to dismiss those claims are pending. Now, before discovery has even begun, Defendants have filed a motion for summary judgment with respect to the wage and hour claims against Defendant Akansha Dayal. The Court should deny Defendants' motion for two reasons: there are material facts in dispute that preclude summary judgment on the issue of Akansha Dayal's status as Ms. Bhardwaj's employer under the relevant employment laws; and the motion is entirely premature given that

Plaintiff Bhardwaj has not had the opportunity to take any discovery to develop the factual record and gather evidence to challenge the statements in Ms. Dayal's declaration.

**PROCEDURAL HISTORY**

Plaintiff Bhardwaj filed the original Complaint on June 20, 2011, and an Amended Complaint on August 12, 2011. Defendants filed their Motion to Dismiss on September 8, 2011, which the Court denied at oral argument on November 30, 2011. Defendants then filed their Answers on December 20, 2011 and subsequently filed Amended Answers, including the Amended Answer with Counterclaims on behalf of Mr. Dayal, on December 30, 2011. Defendant Dayal filed a Second Amended Answer and First Amended Counterclaims on February 3, 2012.[1] Plaintiff Bhardwaj filed a motion to dismiss the Counterclaims on March 8, 2012, and Defendants filed their opposition on March 22, 2012.[2]

**FACTS**

Plaintiff Bhardwaj alleges that Defendants employed her as a personal domestic servant from January 2009 until January 2010 at Defendants' residence in the Indian Consulate in New York City. Ms. Bhardwaj was lured from India to New York by Defendants' promises of a wage of ten dollars per hour and a forty-hour workweek. However, upon her arrival in New York, Defendants confiscated Ms. Bhardwaj's passport and required that she work as much as fourteen to sixteen hours per day, cooking, cleaning, and laundering for Defendants. Ms. Bhardwaj

---

[1] Defendants filed Amended Answers separately for Defendants Chandini Dayal and Akansha Dayal. ECF Nos. 33, 34. Defendants did not file Second Amended Answers for Defendants Chandini Dayal and Akansha Dayal. Only Mr. Dayal's Second Amended Answer included counterclaims.

[2] Defendant Dayal also included claims against Ms. Bhardwaj's attorneys, The Legal Aid Society and Hollis Pfitsch. The Legal Aid Society and Hollis Pfitsch are represented by Cahill, Gordon & Reindel LLP and filed a separate motion to dismiss the counterclaims.

performed tasks for all three Defendants, including Akansha Dayal, and each one benefited from Ms. Bhardwaj's work. Defendants paid Ms. Bhardwaj approximately $300 per month by depositing money into a bank account in India, the equivalent of less than one dollar per hour.

Ms. Bhardwaj asserts statutory claims of forced labor and trafficking under the William Wilberforce Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA"), a minimum wage claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, minimum wage, overtime, spread-of-hours, and unpaid wage claims under the New York Labor Law ("NYLL"), N.Y. Lab. L. § 190 *et seq.*, and related common law claims. Ms. Bhardwaj's Amended Complaint includes additional claims of retaliation under the FLSA and the NYLL based on Defendants' actions to intimidate Ms. Bhardwaj and have her deported after the original Complaint was filed. Am. Compl. ¶¶ 135-40.

## ARGUMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment is appropriate when the parties' sworn submissions show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R. Civ. P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003).

### I. There are Material Facts in Dispute Precluding Summary Judgment as to Akansha Dayal's Liability as an Employer under the FLSA and NYLL.

Plaintiff Bhardwaj asserts sufficient facts in her Complaint and Declaration to conclude that Akansha Dayal is her employer and there are myriad issues in dispute precluding summary

judgment. For example, Plaintiff Bhardwaj's declaration describes how she regularly performed work for Akansha Dayal, from cleaning her room to doing her laundry, ironing, and preparing her food. She also alleges that Prabhu Dayal and Chandini Dayal regularly gave Ms. Bhardwaj tasks to perform for Akansha Dayal. Declaration of Dana Sussman, Ex. B (Plaintiff's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1(b) ("Pl.'s Rule 56.1 Statement")) ¶¶ 3-5, 7-9. In addition, Ms. Bhardwaj's Declaration demonstrates that Akansha Dayal knew of her work and had the power to stop it because occasionally Akansha Dayal told her a task she regularly performed for her was not needed on a particular day, such as preparing food for lunch. *Id.* ¶ 10. Ms. Bhardwaj was also, at times, asked to re-do a task for Akansha Dayal. *Id.* ¶ 12. Because these assertions establish that Akansha Dayal was one of Ms. Bhardwaj's employers, and directly contradict those of Akansha Dayal, *see* Def.'s Rule 56.1 Statement, summary judgment is not appropriate.

### A. Akansha Dayal "Suffered or Permitted" Ms. Bhardwaj to Work and Was Therefore One of her Employers.

Under the FLSA, an "employer" is one who "suffer[s] or permit[s]" an individual to work. 29 U.S.C. § 203(g); *see also* 29 U.SC. §§ 203(d), (e).[3] This is "'the broadest definition [of 'employ'] that has ever been included in any one act.'" *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69 (2d Cir. 2003) (quoting *United States v. Rosenwasser,* 323 U.S. 360, 363 n.3 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo L. Black))). It "sweeps in

---

[3] New York Labor Law also provides that an employee is "[e]mployed" when the worker is "permitted or suffered to work." N.Y. Lab. L. § 2(7). For the purposes of this discussion we will primarily refer to the federal law, because courts "interpret[ ] the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Jiao v. Shi Ya Chen*, No. 03 Civ. 0165, 2007 WL 4944767, at *9 n.12 (S.D.N.Y. Mar. 30, 2007).

almost any work done on the employer's premises, potentially any work done for the employer's benefit or with the employer's acquiescence." *U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1543 (7th Cir. 1987). The definition was derived from earlier child labor statutes and was intended to "stretch[] the meaning of 'employee'" to include work relationships that were not within the traditional common law definitions. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)). The actual words "mean[] that [the employer] shall not *employ* by contract, nor shall he *permit* by acquiescence, nor *suffer* by a failure to hinder." *Curtis & Gartside Co. v. Pigg*, 134 P. 1125, 1129 (Okla. 1913) (interpreting earlier child labor laws and finding employer liable although he had not spoken to or given instructions to child laborer directly) (emphasis in original).

While "work" is not defined in the Act, "[t]he broad meaning that has emerged from Supreme Court cases describes work as exertion or loss of an employee's time that is (1) controlled *or required* by an employer, (2) pursued necessarily and primarily for the employer's benefit, and (3) if performed outside the scheduled work time, an integral and indispensable part of the employee's principal activities." *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008) (emphasis added). Where an individual knows or has reason to know of work being performed, she is liable for the work. 29 C.F.R. § 785.11; *see also Chao*, 514 F.3d at 288 ("An employer who has knowledge that an employee is working, and who does not desire the work be done, has a duty to make every effort to prevent its performance.") (finding employer liable for unauthorized overtime). Even where an employer has specifically prohibited certain work, overtime, for example, he or she must do more than simply restate the prohibition, but must make every effort to prevent the work's performance. *See Chao*, 514 F.3d at 288; *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 462 (S.D.N.Y. 2008) ("[I]f an employer has

knowledge that an employee is working hours in excess of forty per week, it is responsible for compensating that employee 'even where the employer has not requested the overtime be performed or does not desire the employee to work.'") (citing *Chao*, 514 F.3d at 288); *DeMarco v. Nw. Mem'l Healthcare*, No. 10 Civ. 0397, 2011 WL 3510896, at *5 (N.D. Ill. 2011) (denying employer summary judgment on claim for unauthorized overtime despite the employer's prohibition on such work); *see also Reich v. Dep't of Conservation & Natural Res.*, 28 F.3d 1076, 1081-83 (11th Cir. 1994) (same).

Plaintiff Bhardwaj's allegations preclude summary judgment because they establish that Akansha Dayal "suffered or permitted" Ms. Bhardwaj to work, meeting the broad definition of "employer" under the FLSA and the NYLL. Ms. Bhardwaj's Declaration establishes that she regularly worked for Akansha Dayal, performing numerous duties benefiting and required by Akansha Dayal as primarily communicated by her parents. Pl.'s Rule 56.1 Statement ¶¶ 7-10. Ms. Bhardwaj alleges that Prabhu and Chandini Dayal passed orders to Ms. Bhardwaj on Akansha Dayal's behalf and that, on occasion, Akansha Dayal asked Ms. Bhardwaj not to do a routine task Ms. Bhardwaj regularly performed for her, demonstrating that Akansha Dayal knew of her work and had the power to stop it, the critical components of the analysis of whether Akansha Dayal was an employer.

Akansha Dayal, however, denies that Ms. Bhardwaj did any work for her and, thus, that she had any knowledge of Ms. Bhardwaj doing any work for her. By making these claims in her affidavit, Akansha Dayal has created genuine issues of fact that preclude summary judgment. *See Brennan v. Qwest Commc'ns Int'l Inc.*, 727 F. Supp. 2d 751, 759 (D. Minn. 2010) ("[S]ummary judgment is not appropriate when there are unresolved fact issues regarding the employer's actual or constructive knowledge.") (citing *Robertson v. Board of Cnty. Comm'rs of*

*Cnty. of Morgan*, 78 F. Supp. 2d 1142, 1158 (D. Colo. 1999)); *DeMarco*, 2011 WL 3510896, at *5; *Dep't of Conservation & Natural Res.*, 28 F.3d at 1081-83. Because the issue of whether Akansha Dayal was Ms. Bhardwaj's employer is material and disputed, summary judgment should be denied.

**B. Akansha Dayal Was a Joint Employer of Ms. Bhardwaj, Together With Her Parents.**

Multiple individuals can employ an employee at the same time.

> Where the employee performs work which simultaneously benefits two or more employers . . . a joint employment relationship generally will be considered to exist in situations such as: … Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; . . . or . . . Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b). As the Second Circuit has stated: "the broad language of the FLSA, as interpreted by the Supreme Court in *Rutherford*, demands that a district court look beyond an entity's formal right to control the physical performance of another's work before declaring that the entity is not an employer under the FLSA." *Zheng*, 355 F.3d at 69 (discussing *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947)).

An individual need not possess "formal control" over a worker to qualify as an employer; the entity may simply exercise "functional control" over the worker in question. *Id.* at 72. Employer status "does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control do not diminish the significance of its existence." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999) (citation and

internal quotation marks omitted). Indeed, "in certain circumstances, an entity can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours, or pay them." *Zheng*, 355 F.3d at 70. In fact, an individual who does not speak directly to a worker, but passes orders through another may well be an employer. *See Torres-Lopez v. May*, 111 F.3d 633, 642-43 (9th Cir. 1997) (defendant found to have indirect control over workers, and to be liable as joint employer, when he communicated with their supervisor only); *Hodgson v. Griffin & Brand of McAllen, Inc*., 471 F.2d 235, 238 (5th Cir. 1973) (defendant found to be joint employer although he did not speak directly to them).

The Second Circuit has stated, "by looking beyond a defendant's formal control over the physical performance of a plaintiff's work, the 'economic reality' test – which has been distilled into a nonexclusive and overlapping set of factors gives content to the broad 'suffer or permit' language in the statute." *Zheng*, 355 F.3d at 75-76 (citing 29 U.S.C. § 203(g) (stating that an entity "employs" an individual for purposes of the FLSA if it "suffer[s] or permit[s]" that individual to work)).[4] In a more recent decision, the Second Circuit reiterated the necessity for

---

[4] The *Zheng* court applied certain "economic realities" test factors specific to the facts at issue in that case – the question of a contractor's liability for a garment factory's abuses – which do not translate easily to the case of a domestic worker. The factors the Second Circuit found pertinent to the circumstances of the case were:

> (1) whether [the immediate employer's] premises and equipment were used for the plaintiffs' work; (2) whether the [contractor defendants] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the immediate employer's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [immediate employer's] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [immediate employers].

flexibility in determining whether an entity is a joint employer for purposes of the FLSA. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). In *Barfield*, the Court of Appeals noted that while the *Zheng* factors were pertinent to the facts at issue in that case, the *Zheng* factors are not meant to be dispositive if not met in other contexts because Second Circuit precedents "state no rigid rule for the identification of an FLSA employer." *Id.* Accordingly, the *Barfield* Court clarified that courts must consider not only the six enumerated factors in *Zheng*, but also "any other factors" that a court "deems relevant to its assessment of economic realities" of a given situation. *Id.* at 138 (quoting *Zheng*, 355 F.3d at 71-72).

Applying the principles outlined by the Second Circuit and the FLSA regulations, Akansha Dayal is exactly the kind of joint employer contemplated by the law: a family member, living in the same household, witnessing and benefiting from Ms. Bhardwaj's work. Ms. Bhardwaj's allegations show that Akansha Dayal was "not completely disassociated," 29 C.F.R. § 791.2, from her parents, the primary employers, who exercised the most direct form of control over Ms. Bhardwaj's full terms and conditions of work and who acted directly in Akansha Dayal's interest in giving Ms. Bhardwaj orders to do work for their daughter. According to Ms. Bhardwaj's declaration, Akansha Dayal had indirect and functional control over certain aspects of Ms. Bhardwaj's work and determined certain conditions of her employment through her parents who communicated the duties she required, which is fully sufficient for a finding of joint liability. In addition, discovery may show that her control was even more formal or direct such that she also determined additional conditions of Ms. Bhardwaj's employment.

---

*Zheng*, 355 F.3d at 72.

Akansha Dayal's claim that she specifically requested that Ms. Bhardwaj have nothing to do with her merely puts key issues in dispute precluding summary judgment. Because there is a genuine issue of fact as to whether Akansha Dayal was a joint employer of Ms. Bhardwaj, summary judgment should be denied.

## II. Defendants' Motion for Summary Judgment Is Premature.

The motion for summary judgment should also be denied because it is premature. Summary judgment should only be granted "[i]f *after discovery,* the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (alteration in original and emphasis added). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quoting *Anderson,* 477 U.S. at 250 n.5). Only in the "rarest of cases" may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citing *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995); *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995); *Jones v. Coughlin,* 45 F.3d 677, 680 (2d Cir. 1995)).

There has been no discovery on the issue of Akansha Dayal's status as Ms. Bhardwaj's employer under the Fair Labor Standards Act and the New York Labor Law. Declaration of Dana Sussman in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment Sussman ("Sussman Decl.") ¶ 6. To determine whether an individual or entity is an employer, for example, courts engage in a fact-specific inquiry. *See Fowler v. Scores Holding*

*Co., Inc.*, 677 F. Supp. 2d 673, 681 (S.D.N.Y. 2009) ("the determination of whether Scores Holding was Fowler's employer is a question of fact"). Discovery is necessary to develop the factual record and Plaintiff Bhardwaj should be entitled to it.

In order to demonstrate that Akansha Dayal was Ms. Bhardwaj's employer, Ms. Bhardwaj will need discovery sufficient to reveal the "total circumstances" of the relationship between them, *see Herman*, 172 F.3d at 139, and the "whole activity" by which Akansha Dayal was involved in Plaintiff's employment, *see Rutherford*, 331 U.S. at 730. *See also Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2011 WL 4571792, at *3 (S.D.N.Y. Sept. 9, 2011) ("Notwithstanding [employer's] argument that his control in these two critical areas is not relevant to his status as employer . . . they are part of 'the total circumstances' in analyzing whether Mr. Catsimatidis is in fact an employer."); *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 190 (S.D.N.Y. 2003) (employer's characterization cannot control, "otherwise there could be no enforcement of any minimum wages or overtime law."). Plaintiff anticipates that she will obtain the discovery listed above through document requests, interrogatories, requests for admission, and depositions. Sussman Decl. ¶ 8. Specifically, Plaintiff will depose Defendant Akansha Dayal and her parents, Defendant Chandini Dayal and Defendant Prabhu Dayal, to support Plaintiff's position that Akansha Dayal knew of her work, benefited from it, and could have prevented it.

In addition, Defendants submitted Ms. Dayal's affidavit in support of their claim that she is not Ms. Bhardwaj's employer, but Plaintiff has not had the opportunity to cross-examine her or any of Defendants' witnesses or to see documents in Defendants' possession that may contradict Defendants' proof. Sussman Decl. ¶ 9; *cf. Rosen v. Trans World Airlines, Inc.*, No. 94 Civ. 0682, 1997 WL 107640, at *2 (S.D.N.Y. March 11, 1997) ("The motion of Port Authority is

denied because plaintiff has not yet been given the opportunity to depose the Port Authority employee on the basis of whose affidavit summary judgment is sought.”).

Notably, Defendant Akansha Dayal seeks to dismiss all claims against her, but she has not provided any statements, or any argument, for that matter, on the question of her liability under the TVPRA. The Amended Complaint alleges that Akansha Dayal is liable under 18 U.S.C. § 1595 for “knowingly benefit[ing], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation” of the TVPRA. Am. Compl. ¶ 70. Ms. Bhardwaj intends to seek discovery on Akansha Dayal’s actual or constructive knowledge of the circumstances leading to Ms. Bhardwaj’s recruitment and transport to the United States, the promises made with regard to her wages and other work conditions, and the strategies used to keep her in an exploitative situation from which she was ultimately required to escape. Accordingly, Defendant’s motion should be denied for the additional reasons that there are material facts in dispute concerning Ms. Dayal’s liability under the TVPRA and Ms. Bhardwaj is entitled to the opportunity to conduct discovery on her liability. *See* Am. Compl. ¶¶ 68-82; Am. Ans. of Akansha Dayal ¶¶ 68-82; Sussman Decl. ¶ 11.

## CONCLUSION

Defendant Akansha Dayal’s affidavit puts material facts into dispute on key issues in the analysis of her liability as an employer, precluding summary judgment on the FLSA and NYLL claims against her. In addition, Defendant’s motion is premature because Ms. Bhardwaj has not had the opportunity to engage in any discovery. This is particularly troubling, because determining employer status is a fact-specific inquiry, and Ms. Bhardwaj is entitled to develop a complete record establishing that Ms. Dayal was her employer under the FLSA and the NYLL.

Finally, Defendant has not submitted any evidence to dispute her liability under the TVPRA. Accordingly, summary judgment should be denied in the entirety.

Dated: March 29, 2012
New York, New York

Respectfully submitted,
By:

/s/ Dana Sussman
Dana Sussman

**OUTTEN & GOLDEN LLP**
Adam Klein
Dana Sussman
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016

**THE LEGAL AID SOCIETY**
Steven R. Banks, Attorney-in-Chief
Adriene L. Holder, Attorney-in-Charge, Civil Practice
Karen Cacace, Supervising Attorney, Employment Law Unit
Hollis V. Pfitsch, of counsel
199 Water Street, 3rd Floor
New York, New York 10038