UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SANTOSH BHARDWAJ,                                      :

                                    Plaintiff,                   :      Index No. 11 Civ. 4170 (AKH)

          -against-                                      :

PRABHU DAYAL, CHANDINI DAYAL and              :
AKANSHA DAYAL,
                                                                      :
                                  Defendants.
-----------------------------------------------------------------------x
PRABHU DAYAL,                                                 :

                      Counterclaim-Plaintiff,       :

          -against-                                       :

SANTOSH BHARDWAJ,                                      :

                    Counterclaim Defendant,       :

         -and-                                                 :

HOLLIS PFITSCH and                                       :
THE LEGAL AID SOCIETY,
                                                                       :
        Additional Defendants on Counterclaims.
-----------------------------------------------------------------------x

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY DEFENDANT AKANSHA DAYAL FOR SUMMARY JUDGMENT
<u>DISMISSING THIS ACTION AS AGAINST HER</u>

                                                        ROBINSON BROG LEINWAND GREENE
                                                           GENOVESE & GLUCK P.C.
                                                  875 THIRD AVENUE
                                                  NEW YORK, NEW YORK 10022
                                                  Attorneys For Defendant And
                                                  Counterclaim Plaintiff
                                                  Akansha Dayal

## PRELIMINARY STATEMENT

It is now conceded that: "Ms. Bhardwaj does not dispute that Akansha Dayal was not a party to any employment contract with her."[1]

Bhardwaj submits a seven paragraph affidavit in which the only references to communications between Bhardwaj and Akansha Dayal are that: "On occasion, Akansha Dayal told me not to do something" and that she received directions "occasionally directly from Akansha Dayal."[2]

Accordingly, it is now conclusively established by Bhardwaj's own admissions that she did not meet the requisite standard for Akansha Dayal to be an employer of Bhardwaj. A vague, general request for discovery is completely inadequate to forestall the grant of Akansha Dayal's motion to dismiss this action as against her.

## ARGUMENT

### I

### PLAINTIFF FAILS TO OFFER ANY EFFECTIVE OPPOSITION TO THE INSTANT MOTION

Bhardwaj does not address a single one of the New York cases cited by Akansha Dayal. The applicability of those cases therefore is completely uncontested. Instead, the citations in Bhardwaj's memorandum of law are to inapplicable decisions including a 1913 case from Oklahoma, a District of Minnesota case, a Northern District of Illinois case, and Fifth Circuit, Seventh Circuit, Ninth Circuit and Eleventh Circuit cases.

Bhardwaj begins her argument with Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), which addressed whether the clear and convincing evidence requirement must be met in a libel suit brought by a public official, and Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003), which addressed whether a plaintiff's suit can survive a summary judgment motion on qualified immunity grounds regarding state law claims for false arrest, malicious process and abuse of process.

---

[1] Plaintiff's Counter-Statement of Material Facts Pursuant to Local Rule 56.1(b), No. 1.

[2] Declaration of Santosh Bhardwaj, dated March 14, 2012 ("Bhardwaj Declaration"), at ¶¶ 5-6.

On four pages of her memorandum of law, Bhardwaj cites the decision in <u>Zheng v. Liberty Apparel Co.</u>, 355 F.3d 61 (2d Cir. 2003). In <u>Zheng</u>, the plaintiff garment workers filed claims against their immediate employers, six contractors, and the question was whether they were also employed by Liberty Apparel Co., Inc. ("Liberty"). Liberty employees cut fabric according to approved patterns. The cut fabric was then delivered to various contractors whose employees assembled the fabric into garments. The Second Circuit reversed summary judgment and remanded the case for further proceedings as to whether the employees of the contractors could also be considered employees of Liberty. The principal point to be applied was "the extent to which the workers perform a discrete line-job forming an integral part of the putative joint employer's integrated process of production or overall business objective." <u>Zheng</u> does not control the instant action. Bhardwaj notes that the <u>Zheng</u> decision cited <u>Rutherford Food Corp. v. McComb</u>, 331 U.S. 722, 67 S.Ct. 1473 (1947). <u>Rutherford</u> involved the question of whether workers did a specialty job on a production line for boning beef. 331 U.S. at 730.

In a footnote, Bhardwaj cites the unreported decision in <u>Jiao v. Chen</u>, 2007 WL 4944767 (S.D.N.Y. 2007). That case actually defeats Bhardwaj's claims at issue on the instant motion. That case stated that:

> "Four factors are relevant to a district court's determination of whether a party is a 'joint employer' under the economic reality test: 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."

Bhardwaj has never made any allegation to meet any of the elements of that standard. Bhardwaj also cites <u>Barfield v. N.Y.C. Health & Hospitals Corp.</u>, 537 F.3d 132 (2d Cir. 2008), <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132 (2d Cir. 1999), and <u>Hodgson v. Griffin & Brand of McAllen, Inc.</u>, 471 F.2d 235, 237-38 (5th Cir. 1973), all of which cite the same four factors and notes they should be applied under an "economic reality" test. The economic reality is that Bhardwaj doesn't even allege that any of those four factors apply to Akansha Dayal.

Bhardwaj cites one sentence from the decision in Secr. Of Labor, U.S. Dep't of Labor v. Lauritzen, 835 F.2d 1529, 1543 (7th Cir. 1987), but fails to note that the sentence appeared in the concurring opinion of a single judge of the Court. Moreover, the case involved the question of whether migrant workers harvesting a pickle crop were employees of the pickle farm or independent contractors.

Certain language from the Fair Labor Standards Act ("FSLA") is cited, but then dismissed as being inapplicable to an ERISA claim at issue in Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318, 326, 112 S. Ct. 1344 (1992). That FSLA language is nonetheless cited by Bhardwaj.

A decision of the Supreme Court of Oklahoma, in 1913, is cited in which a boy employee was engaged in prohibited oiling of bandsaws while in motion. Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 P.2d 1125, 1128 (Okl. 1913).

Several cases are cited where there was no question whatsoever as to the identity of the employer and the only question related to whether the employee was entitled to overtime compensation. Chao v. Gotham Registry, Inc., 514 F.3d 280, 285 (2d Cir. 2008); Reich v. Dep't of Conservation & Natural Resources, State of Alabama, 28 F.3d 1076, 1082 (11th Cir. 1994); Brennan v. Qwest Comm. Int'l, Inc., 727 F.Supp.2d 751, 755 (D.MN 2010); DeMarco v. Northwestern Mem. Healthcare, 2011 WL 3510896, *3-4 (N.D.Ill. 2011); Torres v. Gristede's Operating Corp., 628 F.Supp.2d 447, 455 (S.D.N.Y. 2008).

For the purpose of asserting that summary judgment is premature, Bhardwaj cites several remarkably inapplicable cases for the proposition that questions of fact exist in the instant action against Akansha Dayal. In Berger v. U.S., 87 F.3d 60 (2d Cir. 1996), the Second Circuit found that there were questions of fact with respect to documents filed with the IRS bearing certain dates, but including references concerning matters post-dating the alleged filing dates. Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 507 (2d Cir. 1989), affirmed a finding that no further discovery was warranted concerning an alleged agreement that was insufficient to establish an enforceable contract under the statute of frauds and that the agreement was inadmissible as a settlement offer. Hellstrom v. U.S. Dep't of Veteran Affairs, 201 F.3d 94, 97 (2d Cir. 2000), held that there were questions of fact as to the job

4

reassignment of a VA employee who claimed to be the victim of racial discrimination. Jones v. Coughlin, 45 F.3d 677 (2d Cir. 1995), held that there were questions of fact concerning a person in prison who was subject to a false misbehavior report.

Bhardwaj cites Fowler v. Scores Holding Co., 677 F.Supp.2d 673 (S.D.N.Y. 2009), which held that a female dancer at the Scores West Side nightclub raised questions of fact as to whether she was also employed by the holding company of the nightclub. The four factors to be considered were: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. None of that has any relevance to the instant case.

Bhardwaj cites Torres-Lopez v. May, 111 F.3d 633 (9th Cir. 1997), which held that a certain entity was deemed an employer of farm workers because the entity controlled the harvest schedule and number of needed workers by staggering the planting dates for cucumbers, the date to begin harvesting, and the days suitable for harvesting, and supervised and inspected the work performed. None of that has relevance to the instant case.

Bhardwaj cites Ansoumana v. Gristede's Operating Corp., 255 F.Supp.2d 184 (S.D.N.Y. 2003). Bhardwaj specifically cites page 190 which dealt with whether the plaintiffs were employees or independent contractors. That is irrelevant to the instant case.

Bhardwaj cites Meloff v. N.Y. Life Ins. Co., 51 F.3d 372 (2d Cir. 1995), within a string citation with no parenthetical explanation. The Second Circuit held that:

> "[A]n affidavit [opposing summary judgment on the ground that discovery is needed] should explain: (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort has been made to obtain them, and (4) why the affiant was unsuccessful in those efforts."

51 F.3d at 375.

Bhardwaj purports to make a generalized request for unidentified discovery which completely fails to meet that standard.

Effectively, Bhardwaj has failed to file any opposition whatsoever to the instant motion.

II

## THE UNOPPOSED CONTROLLING PRECEDENTS WARRANT DISMISSAL OF THIS ACTION AGAINST AKANSHA DAYAL

Bhardwaj submits a seven paragraph affidavit in which the only references to communications between Bhardwaj and Akansha Dayal are that: "On occasion, Akansha Dayal told me not to do something" and that she received directions "occasionally directly from Akansha Dayal." Bhardwaj Declaration, at ¶¶ 5-6.

Bhardwaj completely fails to address the case law cited in the moving memorandum of law rejecting claims based on conclusory statements. Frank R. Cusumano v. Iota Industries, Inc., 100 A.D.2d 892, 893, 474 N.Y.S.2d 579 (2nd Dep't 1984) (specifically rejecting "conclusory statements"); Feder v. Polkes, 67 A.D.3d 727, 729, 889 N.Y.S.2d 70 (2nd Dep't 2009) (dismissing claims when the complaint does not contain any factual averments against the defendants).

It is conceded that: "Ms. Bhardwaj does not dispute that Akansha Dayal was not a party to any employment contract with her." Bhardwaj Declaration, at ¶¶ 5-6. Bhardwaj completely fails to address the case law cited in the moving memorandum of law rejecting claims purportedly asserted against one who was not party to the subject contract. Blitman Constr. Corp. v. Kent Village Housing Co., 91 A.D.2d 173, 176, 457 N.Y.S.2d 817 (1st Dep't 1983) (dismissing claims against a defendant who was not a party to the subject contract); Tankers Int'l Navigation Corp. v. Nat'l Shipping & Trading Corp., 116 A.D.2d 40, 48, 499 N.Y.S.2d 697 (1st Dep't 1986) (without some factual basis a party cannot be held liable for monies due solely by virtue of contracts to which it was not a party).

Bhardwaj's complaint purports to rely upon alleged violation of sections of the New York Labor Law which utilize the following definition of the word "Employer":

> "'Employer' includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service. The term 'employer' shall not include a governmental agency."

N.Y. Labor Law, Article 6, § 190(3) (McKinney 2009).

Bhardwaj completely fails to address the case law cited in the moving memorandum of law rejecting claims under the New York Labor Law when the person claimed to be an employer exercised only minimal or incidental control:

> "The determination of whether an employer-employee relationship exists rests upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results. Minimal or incidental control over an employee's work product without the employer's direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship. Where the proof on the issue of control presents no conflict in evidence or is undisputed, the matter may properly be determined as a matter of law." (citations omitted)

Bhanti v. Brookhaven Mem. Hosp. Med. Center, Inc., 260 A.D.2d 334, 335, 687 N.Y.S.2d 667 (2d Dep't 1999).

Bhardwaj's complaint also purports to rely upon alleged violations of the Federal Labor Standards Act ("FSLA"). The FSLA defines "Employer" as follows:

> "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

29 U.S.C.A. § 203(d).

Bhardwaj completely fails to address the case law cited in the moving memorandum of law rejecting claims based on work unless it is "controlled or required" by the alleged employer:

> "Employees are entitled to compensation only for 'work.' It is well settled that an activity constitutes 'work,' and is compensable under the FLSA, if it involves 'physical or mental exertion (whether burdensome or not),' or the loss of an employee's time, that is 'controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.'"

Holzapfel v. Town of Newburgh, N.Y., 950 F.Supp. 1267, 1272-73 (S.D.N.Y. 1997), quoting Reich v. N.Y.C. Transit Auth., 45 F.3d 646, 651 (2d Cir. 1995), quoting Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949 (1944).

Bhardwaj has failed to address any of those precedents and has failed to state any cognizable claim against Akansha Dayal.

## CONCLUSION

For all of the reasons stated above and in the moving papers, this action should be dismissed in its entirety as against Akansha Dayal.

Dated:  New York, New York
        April 19, 2012

                            ROBINSON BROG LEINWAND GREENE
                                GENOVESE & GLUCK P.C.

                            By: _____
                                David C. Burger (DB-8666)
                            875 Third Avenue
                            New York, New York 10022
                            (212) 603-6300
                            **Attorneys for Defendants and
                            Defendant-Counterclaim Plaintiff**