```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/21/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SANTOSH BHARDWAJ,

                Plaintiff,

     -against-

PRABHU DAYAL, CHANDINI DAYAL, and
AKANSHA DAYAL,

                Defendants.
------------------------------------------------------------------- x

**ORDER**

11 Civ. 4170 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On May 31, 2012, argument was heard on (1) Defendant Akansha Dayal's motion for summary judgment; (2) Plaintiff and Counterclaim Defendant Bhardway's motion to dismiss and for summary judgment dismissing the counterclaims; and (3) Counterclaim Defendants Hollis Pfitsch and The Legal Aid Society's motion to dismiss and for summary judgment dismissing the counterclaims. For the reasons stated on the record and below, the motions are granted.

        Plaintiff alleges that she worked in the New York, New York household of Prabhu and Chandini Dayal and their daughter, Akansha. Plaintiff alleges that Akansha Dayal was one of Plaintiff's employers and violated the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008. However, Plaintiff fails to sufficiently allege the facts underlying these conclusions. The Amended Complaint contains specific factual allegations concerning Prabhu and Chandini Dayal with respect to these claims and Plaintiff's claims against them are sufficiently alleged. However, the Amended Complaint lacks such specific factual allegations with respect to Akansha Dayal, providing only conclusions. "While legal

1

conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Because Plaintiff's Amended Complaint lacks sufficient non-conclusory factual allegations with respect to any of Plaintiff's claims against Akansha Dayal, Akansha Dayal's motion for summary judgment is granted.

Prabhu Dayal brings claims against Counterclaim Defendants for libel and slander, alleging defamation with respect to statements made by Counterclaim Defendants to the press regarding the initial Complaint and/or the Amended Complaint and with respect to certain allegations contained in the initial Complaint and/or the Amended Complaint. Because these statements and allegations are privileged, however, the counterclaims fail.

First, "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding . . . ." N.Y. Civ. Rights Law § 74; McNally v. Yarnall, 764 F. Supp. 853, 855-56 (S.D.N.Y. 1991). "[O]nce the pendency of the judicial proceeding has been established, the privilege pursuant to Section 74 attaches and applies to any pleading in the course of the proceeding." Wenz v. Becker, 948 F. Supp. 319, 323 (S.D.N.Y. 1996). While this privilege does not apply where "the action was brought maliciously and solely for the purpose of later defaming the plaintiff," Fuji Photo Film U.S.A., Inc. v. McNulty, 669 F. Supp. 2d 405, 411-12 (S.D.N.Y. 2009), Prabhu Dayal does not allege that the action was brought solely and maliciously to defame him. Thus the § 74 privilege applies.

Second, "[s]tatements made in judicial proceedings generally cannot be defamatory. An absolute privilege protects such statements if they are at all pertinent to the underlying proceeding. Under well-settled law, the standard for pertinence is extremely liberal, and the statements need be neither relevant nor material and the barest rationality, divorced from

2

any palpable or pragmatic degree of probability, suffices. The privilege extends to, inter alia, statements made in pleadings, briefs, and affidavits submitted to the Court." Chord Assocs., LLC v. Protech 2003-D, LLC, 2010 WL 3780380, at *3 (E.D.N.Y. Sept. 21, 2010) (citations and internal quotation marks omitted); First Indem. of Am. Ins. Co. v. Shinas, 2009 WL 3154282, at *11 (S.D.N.Y. Sept. 30, 2009). The allegations at issue fall within the bounds of this absolute privilege and thus it applies.

Because the statements and allegations that Prabhu Dayal alleges to be defamatory are privileged, his counterclaims fail and Counterclaim Defendants' respective motions to dismiss and for summary judgment dismissing the counterclaims are granted.

The parties shall complete all discovery by July 31, 2012 and appear for a conference on August 10, 2012 at 10:00 a.m.

The Clerk shall mark the motions (Doc. Nos. 41, 45 and 49) terminated.

SO ORDERED.

Dated: June 21, 2012
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3